**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KAMAL CALLOWAY** ) | JUDGE |
| PLAINTIFF, ) | MAGISTRATE JUDGE |
| v. ) | CASE |
| **HURON CONSULTING GROUP, INC.** ) | |
| DEFENDANT. ) | |

## COMPLAINT FOR MONETARY DAMAGES

### NATURE OF COMPLAINT

This is a Title VII action for monetary damages for defendant having subjected plaintiff to terms and conditions of employment different from those of white employees and that defendant subjected plaintiff to ongoing harassment because of his race and color in violation of Title VII of the Civil Rights Acts of 1964 and 1991.

### JURISDICTION & VENUE

Jurisdiction of this court arises under 28 U.S.C. §§1331, 1337, 1343(a), and 1367(a); and 42 U.S.C. 2000e (Title VII of the 1964 Civil Rights Act and Civil Rights Act of 1991). Supplemental Jurisdiction is had through 28 U.S.C. § 1367 in that plaintiff's related claims form part of the same case or controversy under Article III of the U.S. Constitution.

### PARTIES

(1) Plaintiff is a legal adult and a citizen of Chicago, Illinois. He was an employee of Huron Consulting Group. Plaintiff was harmed by the defendant in Chicago, Illinois.

(2) Defendant Huron Consulting Group, INC., a citizen of the State Illinois, with its principal place of business located at 550 W. Van Buren, Unit 2, Chicago, Illinois and was doing business in the City of Chicago, State of Illinois, County of Cook, at all times relevant to this complaint.

### FACTS

(3) Plaintiff is a black (African-American) male who was employed by Defendant Huron Consulting Group between 2005 and 2009.

1

(4)     Plaintiff's job title was "Analyst" upon hire and "Associate" when he was terminated by defendant.

(5)     On February 20, 2009, plaintiff was terminated by defendant for allegedly underperforming, yet similarly situated white employees were not terminated.

(6)     Only a short time earlier, on November 25, 2008, plaintiff received a performance review that held, as to plaintiff's performance: "I want to express the fact that you are a capable performer who also has received positive feedback, etc."

(7)     Plaintiff had been transitioned from the strategic sourcing practice to the healthcare practice in May 2006 under a newly acquired company called Wellspring Partners.

(8)     In this project, plaintiff was rated an exceptional performer.

(9)     Plaintiff had been promoted to an associate level within a year of joining Huron Consulting Group.

(10)    In spite of the high marks, unlike white employees similarly situated, plaintiff was punished via having been placed on a "Performance Improvement Plan (PIP)."

(11)    Pursuant to [the] PIP, plaintiff had to meet certain requirements within a 60 day timeframe.

(12)    Plaintiff met the requirements of the PIP; however, plaintiff alleges that because he is black, he was not removed from the performance improvement plan as stated in the terms of the improvement plan; although, similarly situated whites granted promises of this type by the employer (Huron) were released.

(13)    Plaintiff was told by defendant, pursuant to his PIP, that the fact that he had a new baby was a problem.

(14)    Where white employees were showed flexibility by management, plaintiff, a black employee was not showed flexibility, as evinced by different treatment as to his new baby and second as to a project in New York.

(15)    The former plaintiff's project director asked plaintiff to "support the contract services team meetings." Plaintiff agreed but mentioned that he wanted to attend birthing classes as to his unborn son. Defendant agreed that plaintiff could attend birthing classes; however, subsequently, defendant did penalize plaintiff for attending the birthing classes and that similarly situated whites were not penalized.

(16)    Pursuant to defendant's business operation, plaintiff and a white female took the same airline flight from New York City to Chicago on Thursday afternoons, yet the female, white employee was not reprimanded for the action; however plaintiff was reprimanded for the action.

(17) Plaintiff was evaluated by a licensed psychiatrist. She diagnosed plaintiff with Mental Stress. Said physician does attribute the Mental Stress to the outrageous, unauthorized conduct of defendant to include, different terms and work conditions (different from whites) and racially motivated unlawful termination.

(18) Plaintiff did file with the EEOC and did receive a Right-To-Sue letter within 90 days of the filing of this Complaint.

### COUNT I: VIOLATION 42 U.S.C. 2000e-2:  Hostile Work Environment

(1) Plaintiff repeats, re-alleges and incorporates by reference, all aforementioned paragraphs, specifically the statements in the FACTS section of this Complaint, with the same force and effect as if herein set forth.

(2) Based on plaintiff's color, race and ethnicity (black; African-American), plaintiff was terminated from his employment at Huron Consulting Group and terminated by Defendant Huron Consulting Group.

(3) Defendant did limit (by punishing and terminating), segregate (placing on a PIP), and classify plaintiff as to his employment situation and that such actions by defendant deprived plaintiff of employment opportunities (commissions; advancement and increase in salary) at Huron Consulting Group.

(4) Plaintiff, as a result of his race, color and ethnicity was subject (by Defendant Huron Consulting Group) to terms and conditions of employment different from the terms and conditions for white individuals employed by Huron Consulting Group. Such terms and conditions included that plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron.

(5) It was an unlawful employment practice for Huron to discriminate against plaintiff with respect to his compensation, terms, conditions, and privileges of employment, because plaintiff is black. Plaintiff, based on his protected status, was subjected by defendant, to harassment[1] that

---

1  Was held to performance criteria for which whites were not held. Plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron.

3

caused a hostile (abusive) work environment that is/was a form of discrimination prohibited by Title VII.

(6)     Plaintiff was an employee of defendant and was providing services under a contract with Defendant Huron Consulting Group.

(7)     Plaintiff was subjected to unwanted harassing conduct (was held to performance criteria for which whites were not held. Plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron) because he is black.

(8)     The harassing conduct was severe and pervasive.

(9)     A reasonable person in Plaintiff Calloway's circumstances would have considered the work environment to be hostile or abusive.

(10)    Plaintiff considered the work environment to be hostile and abusive.

(11)    Plaintiff´s supervisor engaged in the harassing conduct.

(12)    Plaintiff ´s supervisor engaged in the harassing conduct that caused a hostile work environment.

(13)    Defendant knew or should have known of the conduct of its supervisors but failed to take immediate and appropriate corrective action.

(14)    Plaintiff was harmed by defendant's conduct. (Such harm includes, loss of employment; loss of wages; and Mental Stress.)

(15)    The harassing conduct was the proximate cause and substantial factor in causing plaintiff´s harm.

   WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $283,700, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT II:  VIOLATION 42 U.S.C. 2000e, TERMS AND CONDITIONS OF EMPLOYMENT DIFFERENT FROM THOSE OF WHITE EMPLOYEES

(16)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all prior paragraphs and counts with the same force and effect as if herein set forth.  To read this Count

without incorporating Count I, would cause a lack of full and complete understanding of what is plead in Count II.

(17)    Because of plaintiff´s race, color and ethnicity defendant did subject plaintiff to terms and conditions of employment different from those for white employees.

(18)    Plaintiff was subjected to unwanted harassing conduct (was held to performance criteria for which whites were not held. Plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron) because he is black.

(19)    Plaintiff was harmed by defendant's conduct. (Such harm includes, loss of employment; loss of wages; and Mental Stress.)

(20)    The harassing conduct was the proximate cause and substantial factor in causing plaintiff´s harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $283,700, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT III:  VIOLATION 42 U.S.C. 2000e, DISCHARGE FROM EMPLOYMENT SITUATION

(21)    Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all prior paragraphs and counts with the same force and effect as if herein set forth.

(22)    Because of plaintiff´s race, color and ethnicity, defendant did terminate plaintiff from his employment situation. And that a similarly situated white employee of defendant was not terminated by defendant.

(23)    Plaintiff was subjected to unwanted Title VII violative conduct (e.g., was held to performance criteria for which whites were not held. Plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron) because he is black.

(24)    Plaintiff was harmed by defendant's conduct. (Such harm includes, loss of employment; loss of wages; and Mental Stress.)

(25)     The harassing conduct was the proximate cause and substantial factor in causing plaintiff´s harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $283,700, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV:  MENTAL STRESS

(26)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all prior paragraphs and counts with the same force and effect as if herein set forth.

(27)     Plaintiff was discharged by defendant from his employment situation because plaintiff is black.

(28)     Defendant's wrongful conduct toward plaintiff was without consent; outrageous and offensive and that the defendant intended a mental or physical effect on plaintiff when it harassed and discharged plaintiff because he is black.

(29)     Defendant knew with substantial certainty that his conduct (e.g., terms and conditions of employment different from those for whites) would cause plaintiff mental stress.

(30)     Plaintiff suffered and continues to suffer mental stress by the conduct of the defendant that was without consent; outrageous and offensive. Plaintiff's harm includes loss of employment and loss of wages.

(31)     Plaintiff sought, received and continues to receive medical attention for Mental Stress.

(32)     Plaintiff was diagnosed, by a licensed psychiatrist, as having Mental Stress; and that the psychiatrist holds that the Mental Stress is a direct result of the outrageous and unauthorized conduct by defendant.

(33)     The outrageous and unlawful harassing conduct is the proximate cause and substantial factor of Plaintiff's Mental Stress.

(34)     Defendant was and is the proximate cause of plaintiff's harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $283,700, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of

$30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT V:  VIOLATION OF 775 ILCS 5/

(35)     Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all prior paragraphs and counts with the same force and effect as if herein set forth.

(36)     Because of plaintiff´s race, color and ethnicity, defendant did subject plaintiff to terms and conditions of employment different from those of whites and that defendant did terminate plaintiff from his employment situation. And that a similarly situated white employee of defendant was not terminated by defendant.

(37)     Plaintiff was subjected to unwanted harassing conduct (was held to performance criteria for which whites were not held. Plaintiff was placed on a PIP; punished for taking a specific airline flight; punished for having a new baby and that similarly situated whites were not punished or discharged from their employment with Huron) because he is black.

(38)     Plaintiff was harmed by defendant's conduct. (Such harm includes, loss of employment; loss of wages; and Mental Stress.)

(39)     The harassing conduct was the proximate cause and substantial factor in causing Plaintiff´s harm.

WHEREFORE, and that there is sought, judgment against defendant for actual, general, special, compensatory damages in the amount of $283,700, and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of $30,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Plaintiff makes a jury demand and, by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability. He states that he is not a lawyer. He agrees, under penalty of law, that based on his understanding of the Complaint, the contents are truthful, accurate and based on his best recollection of the events described.

Plaintiffs' Signature: s\Kamal Calloway                                               Date: April 5, 2009
s\Christopher C. Cooper, ESQ., PHD.
Counsel for Plaintiff, Licensed in U.S. District Court, Northern Illinois
Law Office of Christopher Cooper
3620 WEST 80TH LANE, MERRILLVILLE, IN  46410
Tel: 312 371 6752 or 219 228 4396  FAX: 866 334 7458;  E-Mail: cooperlaw3234@gmail.com